UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHAD W. CASTLE,

    Plaintiff,

v.                                                    Case No.:  2:26-cv-168-SPC-DNF

CHARLOTTE COUNTY
SHERIFF'S OFFICE, et al.,

    Defendants.

                             /

## **OPINION AND ORDER**

Before the Court is Plaintiff Chad W. Castle's Complaint. (Doc. 1). Castle is a pretrial detainee at the Charlotte County Jail. He sues four defendants under 42 U.S.C. § 1983: the Charlotte County Sheriff's Office, the Charlotte County Jail, Sheriff William Prummell, and YesCare, Inc. (*Id.* at 3-4). According to Castle, a jail deputy "aggressively restrained" him in August 2025, twisting his arm so hard that he had to "see medical." (*Id.* at 5). After the incident, Castle was allegedly denied adequate treatment for his arm injury. (*Id.* at 5-6). Because Castle is proceeding *in forma pauperis*, the Court must review the complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Castle fails to state a claim against any named defendant. Neither the Charlotte County Sheriff's Office nor the Charlotte County Jail is a proper defendant in a § 1983 action. *See Young v. Putnam Cnty. Sheriff's Off.*, No. 3:21-cv-946-BJD-PDB, 2021 WL 5015624, at *2 (M.D. Fla. Oct. 28, 2021) ("In Florida, a sheriff's office or jail facility may not be sued under § 1983." (collecting cases)); *Maldonado v. Baker Cnty. Sheriff's Off.*, 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021) ("[A] sheriff's office, jail, or detention center is not an entity subject to suit under Florida law.").

Sheriff Prummell may be sued under § 1983, but Castle fails to state a claim against him. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1297 (11th Cir. 2023). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* Castle does not allege that Sherriff Prummell personally participated in either the use of force or the denial of medical treatment, nor does he identify a causal connection between Sheriff Prummell's actions and any constitutional violation. In fact, Castle makes no allegations against Sherriff Prummell at all. Thus, he has not stated a claim for supervisory liability.

Lastly, Castle fails to state a claim against YesCare, the medical provider at the jail. YesCare is considered a municipality because it "performs a function traditionally within the exclusive prerogative of the state." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). Municipalities can only be liable under § 1983 if "the alleged constitutional harm is the result of a custom or policy." *Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020); *see also Monell v. Dep't of Soc. Sec. Servs. of City of New York*, 436 U.S. 658 (1978). Castle "does not allege a pattern of similar constitutional violations" at the jail

or otherwise establish that a custom or policy caused the alleged harm. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1328 (11th Cir. 2015).

To proceed with this case, Castle must file an amended complaint that alleges facts sufficient to establish supervisory liability or a custom or policy that caused him harm. Alternatively, Castle can sue the individual officials who caused him harm, instead of Sheriff Prummell and YesCare.

Accordingly, it is

**ORDERED:**

1. Plaintiff Chad W. Castle's Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to send Castle a civil-rights complaint form.

3. Castle may file an amended complaint **by May 8, 2026**. If he fails to do so, the Court will enter judgment and close this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on April 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:  TpaP-2
Copies:  All Parties of Record

4